**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES D. GLICKMAN, Administrator   :
of the Estate of SARAMAE SABETAY,   :
DECEASED   :
               *Plaintiff*   :    Civil Action No.
   :
   :
   vs.   :
   :
BOSCOV'S DEPARTMENT   :
STORE, LLC   :
     -and-   :
BROOKFIELD PROPERTIES   :
d/b/a NESHAMINY MALL   :
              *Defendants*   :

## CIVIL ACTION COMPLAINT

**I.    PARTIES**

1.    Plaintiff, James D. Glickman, Administrator of the Estate of Saramae Sabetay, deceased, is an adult individual and citizen and resident of the State of New Jersey, residing therein at 24 Herron Court, Harrington Park, NJ 07640.

2.    Defendant, Boscov's Department Store, LLC, was and is now a business entity, duly organized and existing under the laws of the State of Delaware, with a corporate headquarters and principal place of business located in the Commonwealth of Pennsylvania at 4500 Perkiomen Avenue, Reading, PA 19606.

3.    Defendant, Brookfield Properties d/b/a Neshaminy Mall, was and is now a business entity, duly organized and existing under the laws of the State of Delaware, with a corporate headquarters and principal place of business located in the State of New York at Brookfield Place New York, 250 Vesey Street, 15th Floor, New York, NY 10281.

II.    **JURISDICTION AND VENUE**

4.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.    The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because one or more of the Defendants regularly and continuously conducts business within the District and because the incident giving rise to Plaintiff's claims herein occurred within the District.

III.    **STATEMENT OF CLAIMS**

7.    At all times relevant hereto, the Defendants acted by and through their agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

8.    At all times material herein, the Defendants, by and through trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the said Defendants, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the retail premises known as "Boscov's Department Store" located at 200 Neshaminy Mall, Bensalem, PA 19020.

9.    On or about June 10, 2022, and for a long time prior thereto, it was the duty of the Defendants, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid retail premises located at 200 Neshaminy Mall, Bensalem, PA 19020, in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff's decedent, Saramae Sabetay.

10.     On or about June 10, 2022, Plaintiff's decedent, Saramae Sabetay, was shopping at Boscov's Department Store in the Neshaminy Mall located at 200 Neshaminy Mall, Bensalem, PA 19020, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the aforementioned premises, Ms. Sabetay tripped and fell over an improperly positioned display case, thereby causing Ms. Sabetay to sustain various severe and permanent bodily injuries and losses as more fully set forth herein.

**COUNT I**
**JAMES D. GLICKMAN, ADMINISTRATOR OF THE ESTATE OF SARAMAE**
**SABETAY, DECEASED v. BOSCOV'S DEPARTMENT STORE, LLC**
**NEGLIGENCE – PREMISES LIABILITY**

11.     Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12.     The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Boscov's Department Store, LLC, by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, generally and in the following particular respects:

(a) carelessly and negligently allowing the aforesaid premises to exist in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff's decedent;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injury to third parties such as the Plaintiff's decedent;

(c) carelessly and negligently failing to recognize the defect which caused the aforesaid display case to remain on Defendant's premises and failing to timely remedy same;

(d) carelessly and negligently failing to ensure that the Defendant's aforesaid premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff's decedent;

(e) carelessly and negligently failing to adequately and timely repair defects to said premises;

(f) carelessly and negligently failing to correct a dangerous and hazardous condition of which Defendant was aware or should have been aware;

(g) failing to warn persons lawfully upon the Defendant's premises, such as the Plaintiff's decedent, of the aforesaid dangerous condition;

(h) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff's decedent;

(i) negligence by virtue of the doctrine of *respondeat superior*; and

(j) negligence by virtue of the doctrine of *res ipsa loquitur*.

13.     Plaintiff's decedent, Saramae Sabetay, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

14.     As a result of the aforesaid negligence of the Defendant, Plaintiff's decedent, Saramae Sabetay, suffered severe injuries, including, but not limited to: fractured collar bone, fractured right humerus, joint pain-right shoulder, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff's decedent endured severe pain and suffering as a result of which she was unable to engage in her usual activities, all to her great detriment and loss.

15.     As a result of the aforesaid negligence of the Defendant, Plaintiff's decedent was obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries.

16.     Further, by reason of the aforesaid occurrence, Plaintiff's decedent incurred other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

17.     As a further result of the accident described herein, Plaintiff's decedent suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may have been in full or part cosmetic disfigurements.

18.     As a further result of the accident described herein, Plaintiff's decedent suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

19.     As a further result of the aforesaid accident, Plaintiff's decedent suffered great and unremitting physical pain, suffering and mental anguish.

**WHEREFORE**, Plaintiff, James D. Glickman, Administrator of the Estate of Saramae Sabetay, deceased, demands judgment in his favor and against Defendant, Boscov's Department Store, LLC, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II
### JAMES D. GLICKMAN, ADMINISTRATOR OF THE ESTATE OF SARAMAE SABETAY, DECEASED v. BROOKFIELD PROPERTIES d/b/a NESHAMINY MALL <u>NEGLIGENCE – PREMISES LIABILITY</u>

20.     Plaintiff hereby incorporates by reference paragraphs one (1) through nineteen (19) of the within Complaint as though the same were fully set forth at length herein.

21.     The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Brookfield Properties d/b/a Neshaminy Mall, by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, generally and in the following particular respects:

>     (a) carelessly and negligently allowing the aforesaid premises to exist in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff's decedent;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injury to third parties such as the Plaintiff's decedent;

(c) carelessly and negligently failing to recognize the defect which caused the aforesaid display case to remain on Defendant's premises and failing to timely remedy same;

(d) carelessly and negligently failing to ensure that the Defendant's aforesaid premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff's decedent;

(e) carelessly and negligently failing to adequately and timely repair defects to said premises;

(f) carelessly and negligently failing to correct a dangerous and hazardous condition of which Defendant was aware or should have been aware;

(g) failing to warn persons lawfully upon the Defendant's premises, such as the Plaintiff's decedent, of the aforesaid dangerous condition;

(h) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff's decedent;

(i) negligence by virtue of the doctrine of *respondeat superior*; and

(j) negligence by virtue of the doctrine of *res ipsa loquitur*.

22.     Plaintiff's decedent, Saramae Sabetay, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

23.     As a result of the aforesaid negligence of the Defendant, Plaintiff's decedent, Saramae Sabetay, suffered severe injuries, including, but not limited to: fractured collar bone, fractured right humerus, joint pain-right shoulder, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff's decedent endured severe pain and suffering as a result of which she was unable to engage in her usual activities, all to her great detriment and loss.

24.     As a result of the aforesaid negligence of the Defendant, Plaintiff's decedent was obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries.

25.     Further, by reason of the aforesaid occurrence, Plaintiff's decedent incurred other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

26.     As a further result of the accident described herein, Plaintiff's decedent suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may have been in full or part cosmetic disfigurements.

27.     As a further result of the accident described herein, Plaintiff's decedent suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

28.     As a further result of the aforesaid accident, Plaintiff's decedent suffered great and unremitting physical pain, suffering and mental anguish.

**WHEREFORE**, Plaintiff, James D. Glickman, Administrator of the Estate of Saramae Sabetay, deceased, demands judgment in her favor and against Defendant, Brookfield Properties d/b/a Neshaminy Mall, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/ Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Maria K. McGinty-Ferris, Esquire
        Attorneys for Plaintiff, James D. Glickman,
        Administrator of the Estate of
        Saramae Sabetay, deceased

Date: June 3, 2024